**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AMAN AMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2040-J** |
| | ) | |
| **FRED FIGUEROA, Warden, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Aman Aman, a noncitizen[1] and Indian national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 10, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

## I. Background

Petitioner, a citizen of India, entered the United States on April 17, 2023, near Lukeville, Arizona without admission or inspection and was detained by ICE after his

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

arrival. Pet. at 1; Doc. 1-1 at 2 (Notice to Appear). On April 19, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 1-1 at 2. On April 22, 2023,[2] Petitioner was released from ICE custody on an Order of Release on Recognizance under 8 U.S.C. § 1226(a). Doc. 1-1 at 4 (Order of Release on Recognizance). Petitioner later filed an Application for Asylum and for Withholding of Removal, which remains pending. Pet. at 3.

On July 25, 2026, ICE re-detained Petitioner while he was driving a commercial truck. *Id.* Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), but acknowledge "the Tenth Circuit's *Quiroz* decision compels a different outcome." Resp. at 1. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing. Pet. at 4.

[2] Petitioner alleges he was released on his own recognizance on May 9, 2023, but cites the Order of Release on Recognizance dated April 22, 2023. Pet. at 2-3. It appears Petitioner is referencing the date he was required to report for an ICE check in as the date he was released. *See* Doc. 1-1 at 4 (stating Petitioner "must report in person to Duty officer as directed on 05/09/2023"). Notwithstanding, the exact date of Petitioner's prior release does not impact the undersigned's analysis.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. *Id*. at 5. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 2, 2026).

## II. Petitioner's Claims

Petitioner asserts two counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under 8 U.S.C. § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to noncitizens, like him, who were not "seeking admission" at the time of their re-detention. Pet. at 7-8.

- **Count II: Violation of Due Process**. Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his right to due process based on his liberty interest to remain free during the pendency of his immigration proceedings. *Id*. at 8-10. He further alleges application of the balancing framework in *Mathews v. Eldridge*, 424 U.S. 319 (1976) demonstrates his continued detention violates the Fifth Amendment. Pet. at 10-14.

He asks the Court to "order Respondents to immediately release [him] from custody under reasonable conditions of supervision" or "upon posting of a reasonable bond" or, alternatively, to "order Respondents to provide [him] with an individualized bond hearing before a neutral decision-maker within a specified time, at which the Government bears the burden of demonstrating by clear and convincing evidence that Petitioner poses a risk of flight or a danger to the community." *Id.* at 14-15. He also seeks additional declaratory and injunctive relief. *Id.*

## III. <u>Standard of Review</u>

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. <u>Analysis</u>[3]

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)

---

[3] Petitioner claims he was not required to exhaust administrative remedies before filing the Petition. Pet. at 14. Respondents do not dispute Petitioner's assertion. The undersigned agrees that Petitioner was not required to exhaust before filing the Petition. *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges "his continued detention is unlawful because he is not properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and is instead entitled to a custody determination under 8 U.S.C. § 1226(a)." Pet. at 2. Respondents contend Petitioner is properly detained under § 1225(b)(2)(A) but acknowledge binding Tenth Circuit precedent compels a different result. Resp. at 1.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla.

July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[4]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release" or, alternatively, asks that the Court "direct Respondents to provide him with a prompt and constitutionally adequate individualized custody hearing at which the Government bears the burden of proving, by clear and convincing evidence, that [he] presents a risk of flight or a danger to the community." Pet.

---

[4] This conclusion is also in accord with persuasive authority in the First, Second, Third, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Buele Morocho v. Warden, Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, 483 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

at 2. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[5]

**C. The Court should decline to address Petitioner's due process claim.**

Petitioner also argues his continued detention without a bond hearing violates his

[5] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

rights to due process. Pet. at 8-14. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claim based on his continued detention. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 10, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 2nd day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE